**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                              **4:04CR000137**

**TINA LEIGH BROWN**

**ORDER DENYING MOTION TO VACATE, SET ASIDE
OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255**

On May 18, 2005, Petitioner Tina Brown was convicted by a jury of conspiracy and wire fraud, violations of 18 U.S.C. § 371 and 18 U.S.C. § 1343, respectively. On April 3, 2006, Petitioner was sentenced to eighteen (18) months' imprisonment, 3 years' supervised release, $2200 in special penalty assessments, and $496,241.33 in restitution. Petitioner's sentence was to run concurrently for each count. Ms. Brown appealed her conviction and the Eighth Circuit Court of Appeals affirmed on February 26, 2007. *See U.S. v. Brown*, 478 F.3d 926 (8th Cir. 1997).

Currently pending before the Court is Petitioner's motion filed pursuant to 28 U.S.C. § 2255 arguing that (1) the Government violated *Brady/Giglio* by failing to disclose the full criminal history of witness Kenneth Kelly or, in the alternative, her counsel was ineffective because he failed to discover the full criminal history of Kenneth Kelly; (2) her counsel was ineffective because he failed to impeach defense witness Stacy Jones; (3) her counsel was ineffective because he failed to call exculpatory witnesses; and (4) her counsel was ineffective because he failed to properly explain Petitioner's role in the crimes. Petitioner also requests a hearing and leave of Court to conduct discovery.

Petitioner is not entitled to an evidentiary hearing if the allegations in her motion, the files, and the records of the case, "accepted as true, would not entitle her to relief, or ... the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d, 238, 240 (8th Cir. 1995).  A "claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face...."  *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994).   Because the Court finds no merit in Petitioner's arguments, her motion for a hearing is denied.

To obtain relief on his ineffective assistance of counsel claim, Petitioner  must show both that her counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced her defense. See *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).   To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Petitioner must prove that his attorney's performance was deficient, overcoming the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." *Id*. at 689.  Petitioner  must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different. *Id*. at 694.

## Kenneth Kelly

Petitioner claims that her counsel was ineffective because he failed to impeach Kenneth Kelly with Kelly's "extensive" criminal background.  In the alternative, Petitioner claims that the Government violated *Brady* and *Giglio* by not turning over Kelly's criminal history to defense counsel.

Initially, Petitioner fails to present any evidence of Kelly's "extensive" criminal

background which her attorney should have, but did not, use during trial or which the Government failed to produce. This alone defeats Petitioner's argument on this issue.

Second, Petitioner has failed to show a reasonable probability that the result of the trial would have been different if her attorney had cross-examined Mr. Kelly about his alleged criminal history. Absent such a showing, Petitioner's claim of ineffective assistance of counsel fails.

<u>Impeachment of Stacey Jones</u>

At trial, Petitioner called Stacey Jones, a Little Rock Title Company executive, to testify on her behalf. Petitioner claims that her attorney had a conflict of interest because he had a personal relationship with Ms. Jones. Petitioner contends that her attorney was unable to cross-examine Ms. Jones effectively because of his conflict. The Court held an extensive Rule 44 hearing in this case on February 14, 2005. Petitioner waived any conflict with full knowledge of the facts at the Rule 44 hearing. The Court made a no conflict finding at that time.

To overcome the District Court's no-conflict finding, Petitioner must show that defense counsel "actively represented conflicting interests" that "actually affected the adequacy of [the] representation." *Cuyler v. Sullivan*, 446 U.S. 335, 349-50, 100 S.Ct. 1708 (1980); *see also Brien v. United States*, 695 F.2d 10, 15 (1st Cir.1982) (stating that "the conflict must be real, not some attenuated hypothesis having little consequence to the adequacy of representation"). Petitioner has failed to show that her counsel actively represented the conflicting interests of Ms. Jones that affected the adequacy of Petitioner's representation.

Further, Ms. Jones was Petitioner's witness. Counsel's decision not to "impeach" Ms. Jones does not fall below an objective standard of reasonableness. The Court will not second-guess trial strategy nor use the benefit of hindsight to determine what a better course of

action may have been.  *Williams v. U.S.,*  452 F.3d 1009 (8th 2006).

### Failure to Call Exculpatory Witnesses

Petitioner claims that her counsel failed to call employees of Guaranty Lending who would have testified that Petitioner did not ask them to do anything illegal.  "The decision not to call a witness is a virtually unchallengeable decision of trial strategy." *U.S. v. Vazquez-Garcia,* 211 Fed. Appx. 544, 545-46 (8th Cir. 2007)(citing *Bowman v. Gammon*, 85 F.3d 1339, 1345 (8th Cir.1996) (noting that under *Strickland*, "decisions related to trial strategy are virtually unchallengeable"), cert. denied, 520 U.S. 1128, 117 S.Ct. 1273, 137 L.Ed.2d 350 (1997)).

Further, Petitioner's unsubstantiated allegation that these witnesses would have exculpated her is inadequate.  She has not provided any independent evidence to the Court as to what the Guaranty Lending employees would have said had they been called to testify.  *See Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989)(holding that appellant who filed a § 2255 motion but produced no affidavit from the witness in question failed to show prejudice because he offered only speculation that he was prejudiced by his counsel's failure to interview the witness, which was not enough to undermine confidence in the outcome of the trial), cert. denied, 493 U.S. 898, 110 S.Ct. 252 (1989).  Petitioner has provided no affidavits or any other information supporting her claims.  The Court declines to find prejudice where there is no evidence other than speculation to support the finding.

### Counsel's Failure to Explain Petitioner's Role

Petitioner claims that her counsel did not present a proper explanation of her role in the transactions.  She provides a list of "what should have been presented."  Again, Petitioner basically claims that her counsel employed poor trial strategy.  Unsuccessful trial strategy is not enough to show that Petitioner's counsel's performance fell below an objective standard of

reasonableness. *Graham v. Dormire,* 212 F.3d 437, 440 (8th Cir. 2000)("Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful.") Moreover, Petitioner has failed to show a reasonable probability that the result of the trial would have been different if her attorney had asked different questions or made different arguments at trial. Absent such a showing, Petitioner's claim of ineffective assistance of counsel fails.

In conclusion, Petitioner does not present any credible evidence supporting her claims. Petitioner has neither shown that her trial counsel's performance was deficient nor that, but for her trial counsel's errors, the result would have been different. For these reasons, Petitioner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 (Docket # 174) is DENIED.

IT IS SO ORDERED this 21st day of July 2008.

                                                  James M. Moody
                                                  United States District Judge